MORGAN v. The BEN FLINT. See Case No. 1.299.

MORGAN (COOKINGHAM v.). See Case No. 3,183.

MORGAN (CROFFORD v.). See Case No. 3,-403.

MORGAN (CROSS v.). See Case No. 3,433.

## Case No. 9,799.

### MORGAN v. CURTENIUS et al.

[4 McLean, 366.] [1]

Circuit Court, D. Illinois. June Term, 1848.[2]

EJECTMENT—ALTERATION IN PATENT— PROOF OF DEEDS AND WILLS—PROBATE COURT CERTIFICATE —ASSIGNMENT OF PRE-EMPTION RIGHTS.

[1. The fact that the name of the grantee in a patent appears to have been changed by scratching out a dot over the letter "i" is not sufficient to exclude the patent as evidence, it not appearing that the alteration was material, or that it was made after the patent came into the patentee's possession.]

[Cited in Re Heller, Case No. 6,339.]

[2. The certificate of a probate judge to the copy of a will is not invalid for want of a seal, where that court, though formerly held to be a court of record, is now no longer such, which fact is certified by the judge with the statement that the court has no seal.]

[1 [Reported by Hon. John McLean, Circuit Justice.]

[2 [Affirmed in 20 How. (61 U. S.) 1.]

[3. A certificate to the proof of the execution of a deed which fails to state that the subscribing witness was personally known to the officer taking the acknowledgment, as required by the Illinois statute (Rev. St. 1845, p. 107, § 20), is fatally defective.]

[4. Parol proof of the signature of a grantor in a deed may be made without first proving the signature of the subscribing witness, it being shown that the latter has left the country, and it not appearing that his hand writing can be proved.]

[Cited in brief in Clardy v. Richardson, 24 Mo. 296.]

[5. Deeds conveying lands to which the grantor has acquired only a pre-emption right may, in an action of ejectment, be received in evidence to prove outstanding title, where the patent has since actually issued, although the statute makes all assignments of pre-emption rights prior to the issuance of patents invalid (Act July 14, 1832).]

[Cited in Dillingham v. Fisher, 5 Wis. 479. Cited in brief in McKean v. Crawford, 6 Kan. 116.]

[This was an action of ejectment by Benjamin F. Morgan against Alfred G. Curtenius and others.]

Butterfield, Goodrich & Merriman, for plaintiff.

Powell & Peters, for defendants.

OPINION OF THE COURT. This is an action of ejectment, to recover possession of twenty-three acres of ground. By a statute of Illinois, the fictitious forms and names of the action of ejectment are abolished. A patent for the land to John L. Bogardus, dated the 5th of January, 1838, was offered in evidence, which was objected to, on the ground that the name of the patentee appears to have been altered by scratching out a dot over the letter i, which made the name Bogardus, instead of Bogardies, as it now appears. The court overruled the objection, observing that it did not appear that the alteration was material, or that it had been made since the patent came into the possession of the patentee. It was proved that Bogardus, the patentee, died the 2d of June, 1838; and a copy of his will, and the probate thereon, was offered in evidence. This was objected to because the copy was not certified under the seal of the probate court. That court, formerly, was held to be a court of record, and had a seal. Now, it is not a court of record, and has no seal. This statement was made in the certificate of the judge of probate.

The act of 1845 requires the judge of probate to have a seal; and parol proof was offered to show there was a seal. The law makes a certificate without seal, valid where there is no seal. The court overruled the parol testimony offered, and admitted the certified copy of the will, etc. A deed was then offered in evidence, made by the executrix to Cole, dated 25th September, 1845, for the land in controversy. And also a deed from Cole to Frink for one-third of the fraction; and afterward a deed from the same to the same, for one-sixth of the fraction, dated 22d of May, 1846. Deed from Frink to Morgan,

the plaintiff, 19th December, 1846, for one-half of the thirty-three and one-third acres. It is objected that the deed was made to Morgan, a citizen of another state, merely to give jurisdiction to this court. The money with which Frink purchased the land, he borrowed, which, it appears, was afterward paid by Morgan, at or before the time the deed was made to him. This should have been pleaded to the jurisdiction of the court, but it is not made to appear that there was any intention to commit a fraud on the jurisdiction of the court, and the objection is overruled. To show an outstanding title, the defendants offered in evidence a deed from John L. Bogardus to Bigelow and McClure, for the thirty-three acres and ninety-three hundredths, dated the 5th August, 1834. This deed was proved before the clerk of the court, by proof of the hand writing of the subscribing witness, and of the grantor.

The act of Illinois (Rev. St. 1845, p. 107, § 20) requires the officer who takes the acknowledgment of the grantor, or proof of the execution of the deed by a subscribing witness, to state that the grantor or witness is personally known to him. The certificate to the proof of this deed does not contain a statement that the witness who proved the deed was personally known to him, and this defect is fatal to the proof of the deed. Parol evidence was then called by which the signature of the grantor was proposed to be proved, proof having been given that the subscribing witness had left the country, and had not been seen or heard from for fourteen years. To this evidence, the plaintiff objected until proof of the hand writing of the witness was made.

The court said the order of proof was a matter resting in the discretion of the court. That proof of the hand writing of the party was esteemed more satisfactory than that of the witness. Valentine v. Piper, 22 Pick. 90. In Jackson v. Waldron, 13 Wend. 178, 183, 196, 197, proof of the hand writing of the obligor was held not regularly to be offered, unless the party was unable to prove the hand writing of the witnesses. And such is the decision of a majority of the cases on this point. But judges seem to have so decided because it had previously been so decided, without any inquiry as to the reason of the decision. Under this view, however, the proof is admissible, as the witness has left the country, and it does not appear that his hand writing can be proved. The evidence is admitted.

The act of Illinois, 3d March, 1845 [Rev. St. Ill. 1845, p. 102], provides, where a deed purports to convey a fee simple estate when the grantor has only an equity, he shall, on acquiring the legal estate, be considered as holding it in trust for the grantee. It appears that on the 4th of August, 1832, Bogardus applied for the pre-emption of this land to the register of the land office, for the land in question, which was granted. And

that on the 15th November, 1837, he entered the land and purchased it. The conveyance to Bigelow and McClure was as follows: "I do hereby bargain, grant, sell and convey unto the said Bigelow and McClure, their heirs and assigns forever, two undivided third parts of all my right, title and interest in and unto the land, etc., and I do hereby covenant with the said Bigelow and McClure, that if at any time hereafter, I shall acquire an additional title to the said lot of land, the same shall enure to them in proportion to the interest hereby conveyed to them." On the 5th of August, 1834, Bogardus conveyed his right and interest in the whole of the land, to Isaac Underhill. These titles having been given by Bogardus before the emanation of the patent, under his claim of a pre-emption are objected to by the plaintiff as void under the law. The 3d section of the act to grant pre-emptions, of the 29th of May, 1830, provides, "that all assignments and transfers of the right of pre-emption given by this act prior to the issuance of patents, shall be null and void." This act was continued in force by the act of the 14th of July, 1832, on the same subject.

It is argued that the above act of the 29th of May, 1830, only declared the pre-emption right should not be assigned so as to obtain a right of purchase. We suppose after emanation of the patent, we can not go behind it, and examine into the assignments. And the court instructed the jury, that the deeds given in evidence to show an outstanding title, and thereby defeat a recovery by the plaintiff, did constitute an outstanding title.

Verdict for the defendant. Judgment, etc.

[NOTE. The case was taken, by the plaintiff, to the supreme court, on a writ of error. Upon examination, the transcript of the record was found to be imperfect, and, continuing the case, a certiorari was issued to this court to supply the omission, and furnish a full and correct record at the opening of the next term of the court. 19 How. (60 U. S.) 8. This being done, at a subsequent date the supreme court affirmed the judgment of this court, with costs. 20 How. (61 U. S.) 1.]